**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> MICK MULLENS IRISH BAR LTD. d/b/a MICK MULLEN'S, MICHAEL FEALEY, KOLLEEN ANDERS, <br><br> Defendants. | CASE NO.: 1:23-cv-00132 |

**COMPLAINT**

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants MICK MULLENS IRISH BAR LTD. d/b/a MICK MULLEN'S, MICHAEL FEALEY, and KOLLEEN ANDERS, ("Defendants") hereby alleges as follows:

<u>JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this civil action is brought under the Copyright Act of the United States, 17 U.S.C. § 101, et seq., and the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## THE PARTIES

3. Plaintiff Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. By written agreement with the owners of the registered copyrights [PA0002232761], [PA0002232758], [PA0002237116] for the following pay-per-view programs, including all undercard bouts and commentary:

*Ultimate Fighting Championship® 246: McGregor vs. Cerrone* on January 18, 2020;

*Ultimate Fighting Championship® 247: Jones vs. Reyes* on February 8, 2020;

*Deontay Wilder vs. Tyson Fury II* on February 22, 2020, (the "Programs"),

Plaintiff was assigned the rights authorize the publicly display the broadcasts, 17 U.S.C. § 106(4) & (5), and held the exclusive rights to permit commercial businesses such as the business made the basis of this suit to access the broadcasts. Commercial businesses such as the business made the basis of this suit were not authorized to receive and exhibit the Programs in their commercial business without authorization from Plaintiff.

4. Upon information and belief, Defendant MICK MULLENS IRISH BAR LTD.:

    a. is a Colorado limited liability company;

    b. is a business that conducts business in the State of Colorado;

    c. conducted business as MICK MULLEN'S on the dates of the Programs;

    d. operates, maintains, and controls the establishment known as MICK MULLEN'S located at 3467 South Broadway, Englewood, CO 80113 (the "Establishment"); and

    e. operated, maintained, and controlled the Establishment on the dates of the Programs.

5. Upon information and belief, Defendant MICHAEL FEALEY is an individual residing in the State of Colorado. On the dates of the Programs, Defendant MICHAEL FEALEY:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

6.    Upon information and belief, Defendant KOLLEEN ANDERS is an individual residing in the State of Colorado.  On the dates of the Programs, Defendant KOLLEEN ANDERS:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

## FACTS

7.    Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations.  Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®.  By written agreement, Plaintiff was granted the exclusive commercial distribution rights to distribute and authorize the public exhibition of the audiovisual presentation of the Programs to businesses such as the Establishment.  The Programs broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

8.    By written agreement with the owner of the copyrights of the Programs, Plaintiff was granted the exclusive commercial domestic license to authorize the public display, 17 U.S.C. § 106(4) & (5), of each of the Programs at commercial establishments such as the Establishment.

9. Plaintiff did not license or authorize the Defendants to exhibit the Programs in their commercial establishment.

10. Upon information and belief, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Programs through an unauthorized cable signal, satellite signal, and/or internet stream.

11. Methods used by commercial locations to unlawfully obtain the broadcasts of the Programs include, but are not limited to, the illegal misuse of cable and satellite service by: (1) intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business, and/or (4) obtaining the Programs in violation of the terms of their television service provider agreement.

12. By way of further example, commercial locations also exploited restricted online access to the Programs in order to avoid paying the proper commercial license fee to Plaintiff. Individual consumers could stream the Programs through a limited number of legitimate online distributors but only for *non-commercial use*. The website of each legitimate online distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Programs for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Programs commercially.

13. Upon information and belief, Defendants willfully engaged in one or more of the above illegal acts to intercept and/or receive the Programs for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper

4

commercial license. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Programs at their Establishment was not authorized.

14.     Upon information and belief, Defendants intentionally pirated or assisted in the intentional piracy of the Programs for the sole purpose of their own economic gain. Defendants exhibited the Programs for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights.

15.     Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Programs in the Establishment.

16.     In addition, by virtue of their position(s) as it relates to the Establishment, Defendants MICHAEL FEALEY and KOLLEEN ANDERS had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

17.     As exclusive licensee of the Programs, as described above, Plaintiff has standing and capacity to bring this action in its own name against Defendants for violation of the Communications and Copyright Acts.

## COUNT I

### SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

18.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 16 of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

19.     Defendants' exhibitions of the Programs were accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

20. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

21. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

22. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

23. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## COUNT II

## COPYRIGHT INFRINGEMENT

24. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 16 of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

25. Defendants' unauthorized public display of the Programs through any means, including without limitation, cable, satellite, or internet stream, was in violation of 17 U.S.C. §§ 106 and 501.

26. Defendants' acts of infringement were not only willful, intentional, and purposeful, but also in complete disregard of and indifference to Plaintiff's rights. Defendants engaged in

6

copyright infringement directly or with knowledge of the infringement intentionally inducing, encouraging, or materially contributing to the infringement.

27. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605 committed for the purpose of commercial advantage or, alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553 committed for the purpose of commercial advantage,

    b. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C),

    c. for statutory damages, in the discretion of this Court, of up to the maximum amount of $150,000.00 pursuant to 17 U.S.C. § 504(c) for each willful violation of 17 U.S.C. § 501,

    d. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505, and

    e. for such other and further relief to which Plaintiff may be entitled.

                              Respectfully,

Dated: January 17, 2023        By:    /s/ Ryan R. Janis
                                                Ryan R. Janis, Esq.
                                                JEKIELEK & JANIS
                                                203 E. Pennsylvania Blvd.
                                                Feasterville, PA 19053
                                                T: 215-337-4860
                                                F: 267-386-2167
                                                ryan@jj-lawyers.com

                                                Attorneys for Plaintiff
                                                Joe Hand Promotions, Inc.